## FAYERWEATHER et al. v. RITCH et al.

(Circuit Court, S. D. New York. July 18, 1898.)

1. PLEADING JUDGMENT.
   When what is decided in one case becomes material to be ascertained in another, it may be set forth and shown by allegation and proofs outside the record, which are not inconsistent with or contrary to the record.

2. CONCLUSIVENESS OF JUDGMENT.
   In an action in the supreme court of New York between the beneficiaries under a will and the executors, the next of kin, who claimed that releases of their interest in the estate were procured by fraud on the part of the executor, were made defendants. The judgment of the special term for plaintiffs against the executors recited that the next of kin "recover their costs to be taxed, together with the sum of $900 as an extra allowance," without any statement of facts found as required by Code Civ. Proc. § 1022, which provides that, where such statement is omitted, the general term, in an appeal upon a case containing exceptions, shall review all questions of fact. The appeal to the general term was not upon a case containing exceptions, and the court imputed that the issue of fraud in obtaining the release had been determined by the trial term, and held that there was not sufficient preponderance of evidence to render such determination erroneous. Such decision was affirmed in the court of appeals. *Held*, that, unless the issue of fraud in obtaining the releases was in fact tried and determined, such adjudication was not conclusive upon the next of kin, in an action by them against the executors to recover the portion of the estate so released.

3. DUE PROCESS OF LAW.
   In an action between beneficiaries under a will and the executors, the next of kin, who claimed an interest, on the ground that releases of their interest were obtained by fraud, were made defendants. The special term decided the case upon grounds not involving this issue of fraud, and without passing upon that point. The general term decided the case, on appeal, without any finding as to that point, and the court of appeals affirmed the decision upon matters of law only. *Held*, that the rights of the next of kin had been decided without due process of law.

Roger M. Sherman, for plaintiffs.

C. N. Bovee, Jr., and John E. Parsons, for defendants.

WHEELER, District Judge. This suit is brought by the plaintiffs, citizens of Iowa, against the defendants, Ritch, Bulkley, and Vaughan, of New York, to reach assets of the estate of Daniel B. Fayerweather, late of New York, alleged to be now in the hands of the defendants as executors or trustees, and to belong in part to the plaintiffs as next of kin, and has been heard on demurrer to the bill. By a law of New York passed April 13, 1860 (Laws 1860, p. 607, c. 360):

"No person having a husband, wife, child or parent shall by his or her last will and testament devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation in trust or otherwise, more than one-half part of his or her estate after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half and no more."

According to the allegations of the bill, Mr. Fayerweather died leaving an estate of about $6,000,000, a widow, and these next of kin, and a will and codicils devising and bequeathing the residue of his estate, after several specific bequests, to these defendants, and leaving writings, separate from the will, by which the defendants were to pay over the residue to numerous colleges and charitable institutions; that the will and cocidils have been proved and established; that the devise or bequest of more than one-half his estate to such institutions was within the prohibition of this law of the state of New York; that the shares of next of kin in residue of the half as so attempted to be disposed of, after lawful devises and bequests, belonged to the plaintiffs; that, by concealment and misrepresentation of these defendants, the plaintiffs were induced to release their interests in the estate; that a suit has been had in the courts of the state in which their shares, with the rest of this residue of the estate, have been decreed to the colleges and charitable institutions, notwithstanding the fraud in procuring these releases; and that this judgment is inoperative against them, because this issue of fraud was not there tried, and because the proceedings which were had did not constitute due process of law.

As by that law the devise or bequest would "be valid to the extent of one-half and no more" of the estate, it would seem to be apparent that, but for the releases, the plaintiffs would be entitled to their shares, respectively, in the residue of the half of the estate remaining in the hands of these defendants as executors or trustees, so undisposed of; and that if the releases are void, and have so been from the beginning, for the fraud and concealment alleged in procuring them, the plaintiffs are still entitled to their shares in this residue of the estate, and they still have a right to proceed for the recovery of their shares in this court, as citizens of a different state from the defendants, and to have the issue as to the validity of the releases tried here, if it has not been tried and determined at all, or by due process of law, elsewhere. So the question made on this demurrer is whether the proceedings in the state court, as set forth, amount, in view of the allegations of the bill in respect to them, to an adjudication that is final and conclusive as to the existence and force of the releases.

The suit appears to have been commenced in a supreme court of the state by the trustees of Amherst College, and those of two other colleges, against these defendants Ritch, Bulkley, and Vaughan as executors and trustees, and against these plaintiffs, among others, as claimants, and to have ended in the court of appeals. The proceedings through a special term are made a part of the bill; the rest are left to appear as set forth by allegation. The complaint, after alleging the will, the codicils, the probate, and the writings, by which the defendants would be bound to pay over to those and other colleges the residue of the estate, further alleged that the plaintiffs here "claim to have some interest in the said residuary estate as next of kin," and prayed that it be adjudged and decreed that all of said residuary estate devised and bequeathed to the defendants Ritch, Bulkley, and Vaughan, as executors and trustees, except the par-

ticular bequests, was then held by those defendants in trust for those plaintiffs there, and the several institutions mentioned, and, further, that the ultimate rights of those plaintiffs should be determined by the judgment in the action, in accordance with the allegations of the complaint. The plaintiffs here appeared as defendants there, and set up the fraudulent obtaining of the releases, and alleged that they were not bound thereby, and prayed that the defendants Ritch, Bulkley, and Vaughan, as executors and trustees, might be required to account to them for their shares in the residue of the estate, after paying over the specific bequests.

When what is decided in one cause becomes material to be ascertained in another, it may be set forth and shown by allegations and proofs dehors the record, which are not contrary to nor inconsistent with the record. Miles v. Caldwell, 2 Wall. 35. And upon this demurrer the allegations of the bill are to be taken as true when not contrary to, nor inconsistent with, the record of the proceedings as set up. The cause appears, from the proceedings, to have come on to be heard before the court at special term, and, as to the decision there, the bill alleges:

"And said court thereupon made and rendered its decision without considering, passing upon, or including in judgment the said issues, and omitted to decide upon these complainants' right to the affirmative relief by said answer prayed in respect to said releases."

The decision filed was this:

"The grounds upon which the issues have been decided are that the defendants Thomas G. Ritch and Henry B. Vaughan, for themselves and on the part of Justus L. Bulkley, promised Daniel B. Fayerweather, now deceased, and induced him to believe, that if he would make them and the defendant Justus L. Bulkley residuary legatees of his estate, as provided in the codicils to his will, dated December 13, 1884, and November 15, 1890, the said residuary legatees would sell and convert said residuary estate into cash, and divide the same equally, share and share alike, among the twenty corporations mentioned in the ninth paragraph of the said Daniel B. Fayerweather's will, dated October 6, 1884, including the plaintiffs, after paying $100,000 to the Northwestern University; and that the said Daniel B. Fayerweather made the said Ritch, Bulkley, and Vaughan his residuary legatees in and by the said codicils in reliance upon the said promises and inducements, and died leaving the said Ritch, Bulkley, and Vaughan his residuary legatees in the belief so induced by them that they would sell, convert, and distribute the residuary estate as aforesaid; and that the said Ritch, Bulkley, and Vaughan have attempted to dispose of the said residuary estate in violation and disregard of the said promises. And the court does hereby direct that judgment be entered upon the issue of this action that the residuary estate devised and bequeathed to the defendants Ritch, Bulkley, and Vaughan by the said last will and testament and codicils of Daniel B. Fayerweather, deceased, was received and is held by them in trust for the plaintiffs herein, and the several institutions named in the ninth paragraph of the said will, and for the Northwestern University in the sum of $100,000; that the said residuary estate, except that part thereof necessary to provide for the payments mentioned in the third paragraph of the plaintiffs' prayer for relief, was received and is now held by the said defendants in trust to sell and convert the same into cash, and to divide the same, giving to the Northwestern University $100,000, with its just and equitable proportion of the income, earnings, and interest accrued upon the trust fund, as between it and the institutions named in the ninth clause of the will, and the said several corporations mentioned in the ninth paragraph of said will the remainder thereof, share and share alike."

The judgment or decree entered thereupon, after reciting the filing of the pleadings of the respective parties, the taking of proofs on their behalf, and due deliberation thereon had, and that a decision had been duly made and filed decreeing the residue to the institutions mentioned, proceeded as to these plaintiffs:

"Seventh. That the defendants John B. Reynolds and Morris R. Beadsley, as executors, and Mary W. Achter and Emma S. Fayerweather, recover from the defendants Thomas G. Ritch, Justus L. Bulkley, and Henry B. Vaughan, as trustees, their costs to be taxed, together with the sum of $900 as an extra allowance to be paid out of the trust fund."

This judgment or decree indicates rather that these plaintiffs were dismissed with costs, as not proper parties, than that the validity of the releases was at all passed upon, and the allegations of the bill do not appear to be contrary to, nor inconsistent with, it in this respect. The bill alleges an appeal to the general term of that supreme court, and that the judgment at special term was there affirmed.. 31 N. Y. Supp. 885.

The statute under which the case was tried at special term and the appeal had to the general term appears to be section 1022 of the Code of Civil Procedure of the state as amended by chapter 688, Laws 1894, which provides that:

"The decision of the court, or the report of a referee, upon the trial of the whole issues of fact, may state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon; or the court or referee in deciding the issues may file a decision stating concisely the grounds upon which such issues have been decided, and direct the judgment to be entered thereon, which decision so filed shall form a part of the judgment roll. In an action where the costs are in the discretion of the court, the decision or report must award or deny costs, and if it awards costs it must designate the party to whom the costs to be taxed are awarded. Whenever judgment is entered on a decision which does not state separately the facts found, the defeated party may file an exception to such decision, in which case, on an appeal from the judgment entered thereon upon a case containing exceptions, the general term of the court in which the action is pending shall review all questions of fact and of law and may either modify or affirm the judgment or order appealed from, award a new trial, or grant to either party such judgment as such party may be entitled to."

The bill further alleges in respect to the appeal that it was taken "to the general term of said supreme court sitting as a court for the correction of errors, and not exercising any original jurisdiction," without stating that the appeal was upon a case containing exceptions, and that the general term held that the right of the parties to the property and estate did require the consideration of said issues, and that it became the duty of said court to require and order that said issues should be in fact considered, passed upon, and included in judgment by the trial court, and that:

"Nevertheless said court at said general term did not so require or order, but by various fictions of law imputed to said trial term and court below that it had determined said issues, and had decided in favor of the plaintiffs in said action, contrary to the truth and fact, and thereupon pretended to adjudge and determine, as such court for the correction of errors, that there was not sufficient preponderance of evidence to support the asserted invalidity of said releases to render such imputed determination of said trial court erroneous as matter of law, but that such imputed determination was supported by evidence sufficient to relieve the same from the assignment

of error in so deciding." "It was competent for said general term to have exercised an original jurisdiction and to have adjudged said issues, and thereupon to have modified said judgment so as to include the actual determination thereof; but said general term did not exercise its power, but confined its action wholly to the consideration of errors in the record."

As the proceedings are not set out in the bill, nor brought forward by answer or otherwise, these allegations, so far as they are consistent with the law, must also, on this demurrer, be taken to be true. The statute does not seem to require that an issue of fact in a case should be tried before decision, unless the appeal is upon a case containing exceptions, and this judgment may have been properly affirmed without trying the issue as to these releases, and thereby room have been left, under the law, for the judgment or decree to have been rendered, and still these allegations be true.

The bill further alleges that on appeal the court of appeals affirmed this decision of the general term (36 N. Y. Supp. 376) upon matters of law merely, and did not try that issue. As to this Judge Vann said (Trustees, etc., v. Ritch, 151 N. Y. 382, 45 N. E. 876):

"We are of the opinion, therefore, that where the decision of the special term does not state the facts found, and the judgment entered thereon has been affirmed by the general term, upon an appeal to this court all the facts warranted by the evidence, and necessary to support the judgments below, are presumed to have been found. Hence, upon such an appeal, we have no more control over the facts than we have when specific findings are made by the special term and affirmed by the general term. This conclusion takes the question as to the fraud alleged to have been practiced by the residuary legatees upon the widow and next of kin, in procuring the releases, out of the case; for it cannot be said, on the record before us, that evidence tending to show fraud is so irresistible as to make the omission to find fraud an error of law."

As that case is made to appear from the allegations of the bill as admitted by the demurrer, the judgment or decree was entered without the issue as to the validity of the releases having been by either of the courts at any time tried and determined upon evidence, as a matter of fact. That judgment or decree was not against these plaintiffs for the recovery of money or property, but was against Ritch, Bulkley, and Vaughan for such a recovery of money from them where the rights of the plaintiffs were only collateral; and that recovery, upon the case as made to appear, did not so necessarily involve the decision and determination of this collateral issue as such a recovery of money or property from these plaintiffs themselves would. A general finding and judgment against a party for the recovery of money or of property seem to draw into the judgment, and to conclude all questions which might arise in determining the right of recovery against that party; but, when an outside or collateral issue only is involved, to make the decision upon that conclusive it should appear that this very question was involved and actually decided somewhere in the proceedings. Cromwell v. Sac Co., 94 U. S. 351. Of course, this court cannot review the decisions of any court of the state having concurrent jurisdiction, or otherwise having jurisdiction, on account of any supposed error or irregularity in the proceedings or decision or judgment. Accordingly, it cannot with any propriety inquire into any of the pro-

ceedings in question otherwise than for the purpose of determining whether the issue raised in this case was tried there, or perhaps whether the proceedings there afforded opportunity, by due process of law, for the trial of the issue, if a trial was had.

An inspection of the proceedings, such as has been afforded and had, and as they must be viewed on this demurrer, fails entirely to show that the issue of fraud in the execution of the releases was, by either of the courts in which the proceedings were pending, in any wise tried and determined. It does not appear to be claimed here that such issue is shown to have been tried in any other way than as the determination of the issues in favor of the plaintiffs there would draw into them the determination of all of the rights of these plaintiffs here, as they were made and became defendants there. It is said that the judgment was the same as if upon a general verdict against these plaintiffs, and that it involved the determination of those issues as to these plaintiffs here as defendants there, as well as against the defendants Ritch, Bulkley, and Vaughan, defendants there, as executors and trustees. That suit was not, however, an interpleader by Ritch, Bulkley, and Vaughan, according to the course of equity procedure, where the claimants would be brought in and required to litigate their claims between themselves, respectively, but was for the recovery of property of those defendants only, and the rights of these plaintiffs were only collaterally involved as a defense excluding the rights of the plaintiffs there in the determination of the case against the defendants there of whom a recovery was sought. This issue only so involved would not seem to be conclusive upon the rights of the plaintiffs, unless the proceedings should show clearly that it was in fact tried. As the proceedings, in the light of the allegations concerning them, do not so show, these plaintiffs do not appear now to be concluded by that judgment.

Again, the plaintiffs would not be so concluded unless they had an opportunity to try the issue upon which their rights depended in a proceeding which would amount, as instituted and carried forward, to due process of law. If the case had been tried, as it is alleged to have been tried, without allowing an answer by these plaintiffs setting forth their rights, and an opportunity to bring evidence to support it, probably no one would now claim that they were concluded by the judgment. Hovey v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841. As the proceedings went forward, the special term decided the case upon a ground which did not involve the determination of this issue of fraud in the procurement of the releases, and that court appears not to have in any way passed in any manner upon the question. The general term is alleged to have decided the case upon other grounds without any finding upon that question, and this allegation is admitted by the demurrer. The court of appeals appears merely to have affirmed the decision of the general term upon matters of law only. This alleged course of proceeding, which must be taken to be that had, left these plaintiffs without any opportunity to have this question tried in either court. If the course of procedure cut off the right to try the question raised by the

answer, it would be as much short of due process of law as the decision of a case involving such a question without allowing an answer would be. Demurrer overruled; defendants to answer over by September rule day.