FAYERWEATHER et al. v. RITCH et al.

(Circuit Court, S. D. New York. August 30, 1898.)

JURISDICTION OF FEDERAL COURTS—SUITS IN REM.

A suit by heirs against trustees under a will to recover a residue in the hands of defendants is not one to enforce a lien or claim on property, within the act of March 3, 1875, giving the circuit court of the district where the property is situated jurisdiction in such cases, with power to bring in nonresident defendants.

Motion for a temporary injunction, and for the appointment of a receiver, and motion to set aside service of a subpœna on a nonresident defendant.

Roger M. Sherman and William Blaikie, for the motion.

W. B. Putney, John E. Parsons, and C. N. Bovee, Jr., opposed.

Howard A. Taylor, for Lincoln University.

LACOMBE, Circuit Judge. In view of Judge Wheeler's opinion upon decision of the demurrers (88 Fed. 713), it must be assumed that there has been no adjudication in any court, sufficient to constitute due process of law, as to the validity of the release which complainants impeach as being obtained by fraud. There is sufficient shown in the moving papers to warrant the court in preserving the status quo until final hearing, but it would seem that this may be done sufficiently by injunction. Complainants may take an order enjoining Ritch, Bulkley, and Vaughan from paying over any more of the $600,000 still in their hands, and such of the other defendants served as are residents of this district, or have appeared here either by notice of appearance generally, or otherwise by actual appearance without reservation, from disposing of or further incumbering the proceeds of any sums of money paid to them under the alleged secret trust until final hearing or further order of this court.

The present suit is not one "to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district." No specific real property or personal property is sought to be affected. It is not therefore within the saving clause of the act of 1888, which preserves section 8 of the act of 1875. The motion, therefore, of Lincoln University, a citizen and resident of Pennsylvania, to set aside service of subpœna, is granted; and the injunction against Ritch, Bulkley, and Vaughan will except any payments to that particular corporation. Motion for receiver is denied.