FAYERWEATHER et al. v. RITCH et al.

(Circuit Court of Appeals, Second Circuit. January 5, 1899.)

No. 110.

**1. JUDGMENTS—CONCLUSIVENESS AS TO MATTER IN ISSUE.**
A testator, after making bequests to his wife and next of kin, bequeathed, by the ninth clause of his will, a certain sum to colleges therein named, and by the tenth clause devised and bequeathed the residuum of his estate to his executors, in trust for the benefit of such colleges. Subsequently he executed codicils revoking the tenth clause, and devising and bequeathing his residuary estate, without condition, to his executors, on their promise to apply the residuum in the manner originally provided by the tenth clause, with certain modifications. After the will had been admitted to probate, the widow and next of kin executed releases to the residuary legatees of all their claims against them, and the latter thereupon executed a "deed of gift," transferring the whole of the residuum to various institutions. Thereafter certain colleges named as legatees in the ninth clause brought an action in the supreme court of New York, making all of the other legatees in the will, the widow, the next of kin, and the donees under the deed of gift defendants, setting up in their complaint, among other things, the releases executed by the widow and next

91 F.—46

of kin, and asking, as relief, that it be adjudged that the residuum was received and held in trust for them and the other legatees named in the ninth clause of the will, to carry out the testator's intention as expressed in the tenth clause, and that the rights of all the parties be determined. The widow and next of kin answered, alleging that the releases given by them were procured by fraud, and were void, and that the residuary bequest was fraudulent and invalid. A decree was rendered, which was affirmed by the general term of the supreme court and by the court of appeals of New York, adjudging that the fund in controversy equitably vested in the various colleges named as legatees in the ninth clause of the will, and directing its distribution accordingly. *Held*, that the judgment of the state court was a bar to a subsequent action in the federal court, brought by the next of kin against all the other parties to the action in the state court, to restrain the distribution of the fund according to the decree of the latter court, on the theory that the question of the validity of their releases was not res judicata.[1]

2. DUE PROCESS OF LAW.

A party who has had a trial in a state court in accordance with the settled course of judicial procedure, and has been heard in two successive appeals from the decree therein, cannot claim to have been deprived of property or rights without due process of law.

Appeal from the circuit court of the United States for the Southern District of New York.

This is an appeal from an order granting a temporary injunction. 89 Fed. 385.

James L. Bishop, for appellants trustees of Amherst College.
John E. Parsons, for appellants Ritch, Bulkley & Vaughan.
C. N. Bonee, Jr., for appellants Ritch and Cornell College.
Howard A. Taylor, for appellant Columbia College.
Wager Swayne, for appellant Lafayette College.
Roger M. Sherman and William Blaikie, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This appeal presents for review an order enjoining pendente lite the distribution of the estate of Daniel B. Fayerweather, deceased, by the executors of his will, which the executors were making in accordance with a decree of the supreme court of the state of New York. 31 N. Y. Supp. 885. The decree was rendered in an action, to which all the parties in the present suit were parties, brought to determine their rights to the fund now in controversy. The fund arises under the tenth clause of the will of the testator, and codicils of a later date, whereby he bequeathed to three persons, named as his executors, the residuum of his estate. The complainants are the next of kin of the testator, and seek by the present suit to obtain an adjudication that the decree of the state court is inoperative and void, and that the residuum be distributed in part to them. If that decree is a valid and conclusive adjudication of the rights of the parties to the fund in controversy, the present suit is without merit, there should be no preliminary injunction, and the order should be reversed.

[1] As to finality of judgments and decrees, for purposes of review in federal appellate courts, see note to Trust Co. v. Madden, 17 C. C. A. 238, and, supplemental thereto, note to Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.

The present record contains the record and proofs in the former action, and discloses all the facts necessary to a complete understanding of the litigation. Succinctly stated, the facts are these: In November, 1890, Mr. Fayerweather died, leaving a widow and the present complainants, his nieces and only next of kin, and leaving an estate of upward of $6,000,000. By the ninth clause of his will Mr. Fayerweather bequeathed $2,100,000 to 20 corporations,—educational institutions; and by the tenth clause he devised and bequeathed all the residue and remainder of his estate to his executors, in trust, to sell and convert into cash, and to divide the same equally among the several corporations mentioned in the ninth clause, share and share alike. By a codicil, executed a few days later, he revoked the tenth clause. By a fourth codicil, executed November 15, 1890, he confirmed the revocation of the tenth clause, and devised and bequeathed the residue of his estate, without condition, to the three persons whom he had named as his executors. The purpose of these codicils was to avoid the restrictions of the statute of the state prohibiting bequests to corporations, like those named in the ninth clause of the will, in excess of half of his estate, by any person having a husband, wife, child, or parent; and the codicils were made in view of the promise of the residuary legatees to apply the residuum in the manner originally provided by the tenth clause, with some modifications not now necessary to refer to. At the time of Mr. Fayerweather's death, this residuum amounted to upward of $3,000,000. In March, 1891, the will in the meantime having been admitted to probate, the widow and nieces of Mr. Fayerweather, in consideration of the payment of $310,000, executed to the residuary legatees releases of all claims against them as residuary legatees, executors, and personally; and about the same time the residuary legatees executed an instrument, known as the "deed of gift," by which they transferred the whole of the residuum,—the principal donees being educational and charitable institutions. In June, 1893, five of the corporations named as legatees in the ninth clause of the will brought an action in the supreme court of the state of New York, making defendants therein all of the other legatees under the will, the executors, the executors of the widow, the next of kin, and the donees under the deed of gift. The complaint set out, in substance, all the foregoing facts (except the execution of the deed of gift), and alleged that all the defendants claimed to have some interest in the residuum. The relief prayed was that it be adjudged that the residuum was received and held in trust for the plaintiffs, and the other legatees named in the ninth clause of the will, for the purpose of carrying out the intention of the testator, as expressed in the tenth clause; that the defendants the residuary legatees be adjudged to apply the residuum accordingly; and that the ultimate rights of the plaintiffs and every of the defendants be determined. Answers were interposed by all of the defendants. The nieces, the present complainants, and the executors of the widow, set up their rights, alleging, among other things, that the releases given by them were procured by fraud and coercion, and were void; that the residuary bequest was fraudulent, and was in-

valid under the statute; and that they were entitled, the executors of the widow to one-half, and the nieces to one-sixth, of the residuum, —and prayed that it be adjudged accordingly. The action was heard upon the pleadings and evidence by Mr. Justice Truax at special term (31 N. Y. Supp. 885), all the parties being represented, and the court adjudged that the residuum was devised and bequeathed to the residuary legatees, named in the ninth clause of the will, to be distributed to them, share and share alike (as by the terms of the tenth clause), except to the extent of $100,000, held in trust for another corporation; and in December, 1894, a decree was duly entered ordering a distribution accordingly. Special findings were not made by the trial judge, but, as appears from his opinion, he considered that the trust created in respect to the residuum, not being a testamentary trust, but being outside the will, was not in contravention of the statute, and that the residuary legatees, having undertaken to apply the fund conformably with the intention of the testator, as expressed in the tenth clause of the will, held it upon that trust, and must distribute it accordingly. Appeals were taken from this judgment to the general term of the supreme court, by the present complainants and by all the parties except the legatees named in the ninth clause of the will; and, the judgment having been affirmed on such appeal (36 N. Y. Supp. 576), the same parties appealed to the court of appeals, and that court affirmed the judgment of the general term (45 N. E. 876). The judgments of both the appellate courts were general, merely affirming the judgment of the court below. It appears by the opinions, however, that the general term considered that, the widow and next of kin having released their interests, there was no one who could be heard to insist that the trust was in contravention of the statute, and the court of appeals considered that the trust was in contravention of the statute, and void, as against the widow and next of kin, but, as these persons had extinguished their rights by valid releases, the trust became effective in favor of the legatees named in the ninth clause of the will. Upon the affirmance of the judgment by the court of appeals, the nieces and the executors of the widow applied to that court to amend the remittitur, so as to direct the trial court to consider evidence concerning the releases, and to pass upon the same; but the court denied the motion.

The theory of the present suit, as set forth in the bill, is that the complainants have never been heard upon the question of the validity of their releases; consequently, that the judgment of the state court is not a bar as to that question, and any adjudication to that effect by either of the state courts adversely to them is void, as contrary to due process of law.

By whatever process of reasoning the result was reached, it is plain that by the judgment of the state court it has been determined that the fund now in controversy equitably vested in the various corporations made legatees by the ninth clause of the will, and did not, as to any part of it, belong to the complainants; and that determination was reached in an action, between the same parties now present, brought to settle the ultimate rights of each to the fund. As the

present suit is brought to determine the rights of the same parties to the same fund, we are unable to doubt that the former judgment is an estoppel and a finality, not only as to every matter which was offered and received to sustain or defeat the respective claims of the parties to the fund, but also as to any other admissible matter which might have been offered for that purpose. It suffices to refer to Cromwell v. Sac Co., 94 U. S. 351, as a complete exposition of the doctrine of estoppel, so far as pertinent to the present case. If the present complainants had omitted in the former action to assert the invalidity of their releases, the result would be the same. In Stout v. Lye, 103 U. S. 66, pending a suit by a mortgagee to foreclose a mortgage, certain creditors of the mortgagor obtained a judgment against him, which became a lien upon the mortgaged premises. Subsequent to a decree in the foreclosure suit, they filed a bill against the mortgagee to set aside the mortgage as illegal, or, alternatively, to have usurious interest payments applied to reduce the principal. The court held that, notwithstanding they were not actual parties to the foreclosure suit, they were parties by representation, through the mortgagor, and bound by the decree to the same extent as he was; and, although the mortgagor had not set up against the mortgage the claims asserted by them, they were estopped by the decree. The decision proceeded upon the principle that the claim in controversy had passed into judgment by a decree establishing the amount and validity of the mortgage, and concluded them as to "any other admissible matter which might have been offered" to defeat the mortgage. So, in this case, the claims from the respective parties to the fund in controversy have passed into judgment, and the rights of the parties cannot be relitigated upon the basis of any title which they had, but did not litigate. In Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, in a suit by Dowell to subject lands of Applegate to sale in satisfaction of his claims, a decree in favor of the former was held to be final, as an estoppel, in a subsequent suit, involving the same land, brought by Applegate against Dowell, based upon a title which Applegate did not set up in the first suit. The grounds of the decision were that the fundamental question presented in the first suit was whether the lands could be rightfully sold in satisfaction of Dowell's demands; that the decree was an adjudication, as between Dowell and the defendants in that suit, who asserted title to those lands, that no claim asserted by either of them could stand against the right of Dowell to have those lands sold; and the rule was applied that "a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented." In this case the fundamental question in the former suit was whether the parties other than the present complainants, or the latter, were the equitable owners of the fund in controversy. Moreover, one of the issues presented for trial in the former action was whether the releases given by the complainants were operative upon the rights or interests of the several parties in the fund. The plaintiff set them forth in the complaint as affecting the rights of the parties. The present complainants alleged in their

answers that they were void, and evidence touching the circumstances of their execution was introduced. That issue was, consequently, in litigation. If the trial court had assumed to pass upon the question of the validity of the releases, and had decided it erroneously, either upon a misconception of 'the law or of the evidence, it is entirely plain that the adjudication, so long as unreversed, would have been final, and that question could not have been reopened in any subsequent litigation between the same parties. The trial court held that the releases were without effect on the rights of the parties, and, even though that decision was erroneous, it was final between the parties until reversal; and if it be assumed that the opinions of the appellate courts should be treated as a reversal of that decision, and that both of these courts erroneously held the releases to be valid, these determinations are final between the parties upon that question. The complainants have had their day in court, before tribunals having jurisdiction to settle their rights, and, even if there has been a miscarriage of justice, they must submit. "Interest reipublicæ ut sit finis litium."

The proposition that their rights have been disposed of without due process of law is too preposterous to merit discussion. They have had a trial according to the settled course of judicial proceedings. They have been heard, and heard ad libitum, though without avail.

In granting the order for a preliminary injunction, the court below was mainly influenced by the decision of Judge Wheeler, rendered upon a demurrer to the complainants' bill. 88 Fed. 713. It is altogether probable that, if all the facts which appear in the present record had been before the learned judge who decided the demurrer, he would not have reached the conclusion that the former adjudication was not a bar to the present suit. However that may be, inasmuch as we are satisfied that the complainants cannot ultimately prevail upon the case made by their bill, we conclude that they are not entitled to preliminary relief.

The order is accordingly reversed.