### LANDON v. BULKLEY et al.

(Circuit Court of Appeals, Second Circuit.   May 25, 1899).

#### No. 158.

JUDGMENTS—CONCLUSIVENESS.

The judgment of a state court, adjudicating the rights of the parties in a certain fund, is a bar to a subsequent suit in a federal court between the same parties, relating to the same fund, although the rights asserted in the second action are based upon matters which were not, but might have been, presented to the court and passed upon in the first.[1]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decree of the circuit court, Southern district of New York, which sustained demurrers to a bill in equity. The suit involved the disposition of a part of the estate left by Daniel B. Fayerweather.

Edward W. Paige, for appellant.

John E. Parsons and C. N. Bovee, for appellees.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM.   The decision of this court in Fayerweather v. Ritch (Jan. 5, 1899) 34 C. C. A. 61, 91 Fed. 721, is controlling of this appeal.   It is sufficient to quote from the opinion.

"By whatever process of reasoning the result was reached, it is plain that, by the judgment of the state court, it has been determined that the fund now in controversy equitably vested in the various corporations made legatees by the ninth clause of the will, and did not, as to any part of it, belong to the complainants; and that determination was reached in an action between the same parties now present, brought to settle the ultimate rights of each to the fund. As the present suit is brought to determine the rights of the same parties to the same fund, we are unable to doubt that the former judgment is an estoppel, and a finality, not only as to every matter which was offered and received to sustain or defeat the respective claims of the parties to the fund, but also as to any other admissible matter which might have been offered for that purpose."

The decree of the circuit court is affirmed, with costs.

---

[1] For conclusiveness of judgments as between federal and state courts, see note to Railroad Co. v. Morgan, 21 C. C. A. 478.