OLD DOMINION COPPER MINING & SMELTING CO. v. LEWIS-OHN et al.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 101.

1. COURTS (§ 96*)—FEDERAL COURTS—RULES OF DECISION.

Inferior federal courts are bound to follow the law as laid down by the Supreme Court of the United States, though it may be in conflict with the rules of the Supreme Court of the state on the same facts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 327, 328, 334; Dec. Dig. § 96.*

Conclusiveness of judgment between federal and state courts, see notes' to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. JUDGMENT (§ 572*)—DECISION ON DEMURRER—RES JUDICATA.

Where a demurrer was sustained on the merits of an amended bill, in which complainants had an opportunity of presenting all the facts with reference to the controversy, a judgment entered on such demurrer was res judicata, precluding complainants from thereafter filing a new bill against the same parties, with reference to the same subject-matter, but based on a different statement of facts, on the theory that the facts stated in the previous bill were untrue.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1041, 1047–1049; Dec. Dig. § 572.*]

Appeal from the District Court of the United States for the Southern District of New York; C. M. Hough, Judge.

Bill in equity by the Old Dominion Copper Mining & Smelting Company against Frederick Lewisohn and others. From a decree dismissing the bill (195 Fed. 637), complainant appeals. Affirmed.

Brandeis, Dunbar & Nutter, of Boston, Mass., and Rounds, Schurman & Dwight, of New York City, for appellant.

Hoadly, Lauterbach & Johnson, of New York City (Edward Lauterbach and Eugene Treadwell, both of New York City, of counsel), for respondents.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The facts bearing upon every phase of this controversy have been stated so often, not only in the federal courts, but also in the courts of Massachusetts that no useful purpose will be subserved by restating them. See 210 U. S. 206, 28 Sup. Ct. 634, 52 L. Ed. 1025; 225 U. S. 111, 32 Sup. Ct. 641, 56 L. Ed. 1009; 148 Fed. 1020, 79 C. C. A. 534 (C. C.) 195 Fed. 637; 203 Mass. 159, 89 N. E. 193, 40 L. R. A. (N. S.) 314. It is, of course, unfortunate that the entire burden of the alleged fraudulent transactions complained of must fall upon Bigelow alone, but that result is due to the fact that the Supreme Judicial Court of Massachusetts is not in accord upon the law with this court and the Supreme Court of the United States.

[1] Manifestly it is our duty to follow the law of the Supreme Court unless the present record contains facts which clearly differentiate the present case from the case on demurrer. That every opportunity was given to state the facts in the 30,000 share suit cannot be denied. With full knowledge of the infirmities of the bill, after it had been held insufficient on demurrer, it was amended in an attempt to meet the criticism of the court. Every fact which could be relied on to remedy the fatal defects pointed out was stated by the pleader, and the facts were as accessible then as they were when the present bill was drawn. The most favorable statement of the cause of action consistent with the facts was presented by the amended bill. The same result followed, the demurrer to the amended bill was sustained and the ruling was affirmed by this court and the Supreme Court of the United States. We are unable to understand how the differences in the facts, pointed out at the argument, between this case and the case on demurrer change the legal aspect of the controversy. We think that the differences in the facts are inconsequential and that the same result must follow in either case. The opinion of the Circuit Court sufficiently states our conclusions in this regard.

[2] But the decree in the demurrer suit is res judicata of the present controversy. The parties are the same, the subject-matter is the same and the questions are the same. Having stated the facts with great care and deliberation and having amended the bill to meet the criticism of the defendants, the appellant cannot now be permitted to assert that these facts are untrue and assert a new cause of action based upon different facts. The bill stated the facts as the appellant understood them, the defendant admitted the statement to be correct; on this statement the court rendered its decree and on these facts this court and the Supreme Court rendered their judgments. Even if

there were important differences on the facts, it is too late to assert them now.

The facts regarding the July meeting, its validity and finality, are admitted by the demurrer. The appellant is not now permitted to assert that these statements are untrue and that the transaction was not consummated until after the public, with no knowledge of the transaction, had subscribed for 20,000 shares of the stock.

The decree is affirmed with costs.

NOYES, Circuit Judge (concurring in result). I think that the Supreme Court has never passed upon the real question presented in this case. In the other case the averments were to the effect that the wrongful transaction had been consummated in July, 1895, before any stock had been offered to the public. Upon those averments the conclusion necessarily followed that the corporation had no ground of complaint against the promoters because the same parties were on both sides of the bargain; no one was injured. Men may cheat themselves in morals but not in law. But in the present case the facts are different. It now appears that although a contract had been entered into in July, 1895, the transaction was not then consummated; that the stock out of which the promoters obtained their profits was not issued until September, 1895; that the deeds conveying the property purchased by the stock were not delivered untid December, 1895, and that before either of such dates stock had been offered to the public and had been subscribed and paid for.

Clearly the status of the corporation in respect of the presence of innocent interests must be determined as of the time of the consummation of the transaction. Until the promoters took something out of the corporation and thereby made profits there were none to be accounted for. Until the stock was issued to the promoters in September the corporation had no cause of action against them. The July agreement remained executory. It might never have been carried out. When it was so carried out that the corporation had ground of complaint the interests of third persons had become involved.

This is not a matter of technicalities. Much depends upon the accomplished fact. Subscribers for stock in a corporation may have no right to object to transactions carried out before they come in, while they may well call upon the directors to refuse to perform wrongful executory undertakings. In my opinion the crucial question is not whether innocent interests were involved when the agreement was entered into, but whether they were involved when it was carried out; when the wrong was done; when the cause of action accrued.

For these reasons, briefly outlined, I think that the present case is materially different from the other case and that if there were nothing else to prevent it would be our duty to consider it upon the merits. I cannot regard the decision of the Supreme Court as denying the right of the complainant to recover provided there was a wrong done to any one.

There is, however, something to prevent us from considering the case. I can see no other course than to agree that the defense of

former judgment is established notwithstanding that the real facts are so different from those appearing in the other suit. That suit was based upon a part of the same transaction. The ground of liability was the same breach of fiduciary relation. The time of the consummation of the transaction was as directly involved there as here. That time was established upon the complainant's own averments to be July, 1895, and, consequently, before there were any innocent interests. It is true that it was established upon demurrer but the decision went to the merits. And being so established the complainant cannot be heard to aver that the facts are different now. However unfortunate it may be that one promoter should escape a decree upon the real facts while his associate bears the burden of a heavy judgment, I am unable to see how the result can be avoided without disregarding established principles of the law of estoppel and of res judicata.