GUARANTY TRUST CO. OF NEW YORK v. INTERNATIONAL STEAM PUMP CO.

(Circuit Court of Appeals, Second Circuit. May 8, 1917.)

No. 221.

APPEAL AND ERROR ⬤➾1096(3)—SUBSEQUENT APPEALS—MATTERS THAT MIGHT HAVE BEEN LITIGATED ON FORMER APPEAL.

In a suit to foreclose a mortgage, the decree provided that no disbursements should be imposed upon a receiver, but that, if an appeal was taken, then, in the event of affirmance, costs of the trial would be taxed against him. An appeal was taken, but error was not assigned on this part of the decree, and the decree was affirmed. Subsequently the District Court taxed disbursements against the receiver. *Held,* that whether this was error or an abuse of discretion could not be determined on appeal from such order, as the error, if any, was in the decree of foreclosure, and the objections thereto should have been urged on the former appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4355.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Guaranty Trust Company of New York, as trustee, against the International Steam Pump Company, in which William I. Lewis, as receiver of the International Steam Pump Company, intervened. From an order fixing and allowing the complainant's disbursements, the intervener appeals. Appeal dismissed.

See, also, 237 Fed. 286.

Plaintiff brought suit to foreclose a mortgage made by the International Steam Pump Company. Cotemporaneously a creditor's suit to conserve and distribute assets was instituted against said corporation defendant. The cases were consolidated. A receiver was appointed for the Pump Company in New Jersey (the state of its incorporation). Such receiver intervened in the consolidated action and answered, setting up as a defense certain matters sufficiently appearing in the previous appeal herein. 231 Fed. 594, 145 C. C. A. 480. The decree of foreclosure, from which appeal was considered in the case just referred to, contained the following: "Ordered, that no costs [by which is meant disbursements] be imposed upon the [intervener]. If, however, an appeal is taken, then in the event of an affirmance costs of this trial in this court will be taxed against the said [intervener]." The intervener did appeal, the decree was affirmed ut supra, the disposition of costs and disbursements declared in and by the decree appealed from was not assigned for error, nor then formally sought to be reviewed in any way, although adverted to in the briefs of counsel. The cause, having been affirmed and remanded, the District Court entered an order, fixing and allowing the disbursements. The amount and propriety (per se) of the items charged against the intervener is not questioned. On this appeal the assignments of error challenge the authority of the trial court to enter any such order at any time, asserting its action to be an abuse of discretion.

Harry Lane, of Jersey City, N. J. (W. Bourke Cockran, of New York City, of counsel), for appellant.

Allen Wardwell and Stetson, Jennings & Russell, all of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). We do not find it necessary, nor even possible, now to consider the alleged

lack of power in the trial court to award costs and disbursements or either, contingent upon the fate of an appeal on the merits. The case being in equity and costs within discretion, that discretion was exercised in a manner plainly expressed in the decree of foreclosure from which this intervener appealed. If discretion was abused, if the action of the court was erroneous for any reason, it was just as wrong and as plainly wrong the moment foreclosure decree was entered as it is now. The only difference between the present situation and that existing when the case was here before is that we are now informed of the amounts awarded as costs, instead of knowing merely that some amounts would be awarded. The principle has not changed; the details (i. e., the exact figures) are not and never have been complained of.

Under such circumstances we hold it plain, upon mere statement, that the act of the lower court now alleged as error had been committed and was expressed in a formal decree from which an appeal was taken and lost, by the present appellant, more than a year ago. It was possible for and incumbent upon the intervener to urge his objections, if any, on the previous appeal; for every question which might have been then raised in opposition to the decision then appealed from must now be held res adjudicata between the parties. Burns v. Cooper, 153 Fed. at 151, 82 C. C. A. 300, per Van Devanter, J. The principle of the rule as to conclusiveness of appellate decisions upon all matters which might have been litigated upon a given appeal is the same as that often announced in this court as to the conclusiveness of judgments of other competent tribunals. Landon v. Bulkley, 95 Fed. 344, 37 C. C. A. 96; Straus v. American, etc., Ass'n, 201 Fed. 306, 119 C. C. A. 544; Old Dominion, etc., Co. v. Lewisohn, 202 Fed. 178, 120 C. C. A. 392.

The question here sought to be raised having (as between these parties) passed in rem judicatam, the appeal is dismissed, with costs.