**VAPOR CAR HEATING CO., Inc., et al. v. GOLD CAR HEATING & LIGHTING CO. et al.** *

(Circuit Court of Appeals, Second Circuit. April 6, 1925.)

No. 225.

**1. Judgment ⊂⊃720—Right, question, or fact distinctly put in issue, and determined by court of competent jurisdiction, cannot be disputed in subsequent suit between parties or privies.**

A right, question, or fact, distinctly put in issue, and directly determined by court of competent jurisdiction as ground of recovery, cannot be disputed in subsequent suit between same parties or their privies, even if second suit is for different cause of action.

*Certiorari denied 45 S. Ct. 639, 69 L. Ed. ——.

**2. Judgment ⊚⟿713(2) — Judgment in former suit is final, not only as to any matter offered and received to sustain or defeat respective claims of parties, but as to any matter which might have been offered.**

Former judgment is final, and an estoppel not only as to matter offered and received to sustain or defeat respective claims of parties, but also as to matters which were not, but might have been, presented to court and passed on therein.

**3. Patents ⊚⟿327—Estoppels by doctrine of res judicata are applicable to cases of infringement of patents.**

Principle that former judgment is final and operates estoppel, not only as to matters offered and received to sustain or defeat respective claims of parties, but as to matters which were not, but which might have been presented and passed upon, is applicable to cases of infringement of patents.

**4. Patents ⊚⟿327—Presence of additional party defendant held not to prevent former decision from being res judicata.**

In action for infringement of patent, presence of party defendant, additional to those in previous suit, does not affect force of decision in previous suit as res judicata, in absence of proof that such additional defendant individually committed any infringing act.

**5. Patents ⊚⟿11—Functioning or abstract effect of machine is not patentable.**

Inventor may not have patent for functioning or abstract effect of machine, but only for machine itself.

**6. Patents ⊚⟿7—Patent may not be granted for process involving only operation of piece of mechanism.**

Patent may not be granted for process which involves only operation of piece of mechanism.

**7. Patents ⊚⟿7—Operations consisting partly or wholly in employment of heat, light, or electricity, or some other force producing chemical change, are patentable.**

Operations consisting partly or wholly in employment of heat, light, electricity, or some other force producing chemical change, are patentable.

**8. Patents ⊚⟿11 — Operations consisting entirely of mechanical transactions which are only peculiar functions of machines are not patentable.**

Operations consisting entirely of mechanical transactions, and which are only peculiar functions of machines, are not patentable.

**9. Patents ⊚⟿7—Operations consisting entirely of mechanical transactions, but which may be performed by hand or by any of several different mechanisms or machines are patentable.**

Operations which consist entirely of mechanical transactions, but which may be performed by hand or by any of several different mechanisms or machines, are patentable.

**10. Patents ⊚⟿328—886,969, for heating railway cars, held invalid.**

Gold patent, No. 886,699, for process for heating railway cars, held invalid.

Appeal from the District Court of the United States for the Southern District of New York.

Patent infringement suit by the Vapor Car Heating Company, Inc., and another against the Gold Car Heating & Lighting Company and another. Decree dismissing the bill (296 F. 201), and plaintiffs appeal. Affirmed.

See, also, 296 F. 188.

Otto Raymond Barnett, of Chicago, Ill., and Alfred W. Kiddle and Wylie C. Margeson, both of New York City, for appellants.

Redding, Greeley, O'Shea & Campbell, of New York City, and William A. Redding and Arthur C. Fraser, both of New York City, for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The patent in suit is for a method in the art of heating, and was applied for April 25, 1904, and granted May 5, 1908. The object of the invention is said to be to provide a reliable, efficient, and inexpensive method of heating whereby an equable temperature is maintained without necessary waste of energy. Primarily, the invention consists in heating an apartment by means of a heating medium such as steam, which is substantially confined in any suitable radiator, but is also in open communication with the atmosphere with some outlet from the radiator, and which is automatically maintained in its normal condition by a continuous supply from a relatively high pressure main or source of supply; the inflow from such source of supply being automatically regulated by thermostatic condition adjacent to the outlet from the radiator, whereby any suitable thermostatic motor is actuated to operate the valve mechanism located between the heating body and the supply. Railway cars have been steam-heated in three ways—first, the high pressure or train pipe system; second, the low pressure or vapor system; and third, an intermediate pressure system. There is another, called the convertible system or interchangeable system, whereby high or low pressure vapor may be used at will.

There has been very considerable patent litigation between the parties here. Heretofore, the appellant sued the appellee for

infringement of patent No. 758,436, which is a patent for a low pressure heating system, alleging that claims 10, 11, and 12 were infringed. The trial court there held the claims void because of the prior art, holding that prior art patents disclosed vapor systems, the apparatus of which anticipates these claims. 296 F. 188. No appeal was taken from the decree entered on May 22, 1920.

The tenth claim of that patent provides:

"10. In a car-heating system, the combination with a car, of a radiator located within the car, a train pipe arranged to supply steam to the radiator, a valve interposed between the train pipe and radiator to control the flow of steam into the radiator, a fluid conduit leading from the radiator and open to the atmosphere, and a thermostatic device located within said conduit and connected with said valve."

The bill in the present suit was filed January 12, 1921, and is between the same parties, except that Edward E. Gold has been named as a defendant. The patent No. 758,-436, held void in the former suit, is for an apparatus for heating by the vapor system, while the patent in suit is for a method of heating by using the same apparatus. The characteristic of the vapor system is that the high pressure from the train pipe is throttled at the inlet valve so that the pressure in the radiator is practically atmospheric pressure; the same being vapor at a temperature of about 212° F. The outlet from the radiator is free, so that any excess pressure, if it exists, would escape by the drip outlet. The outflowing vapor heats the expansion vessel or thermostat, expansion of which acts through a rod or lever to close the inlet valve. Thus, when the valve is open wide enough to let steam enter the radiator so that hot steam flows out at the outlet, the thermostat is heated and expanded and closes the inlet valve so as to check the inflow of the steam to the radiator. Because the outlet is free, the pressure in the radiator cannot exceed atmospheric pressure or about 212° F. The thermostat used to control the inlet valve is the same thermostat or expansion vessel used in the old automatic traps.

The apparatus patent, No. 758,436, provides for a steam pipe entering a car by a branch pipe which is controlled by an inlet valve, and, passing through the branch, enters the radiator, and the spent steam or condensation flows out through a chamber in which is a thermostatic vessel, and thus through a drip pipe. The heating of the vessel expands it and pushes down the valve stem and closes the valve to or toward its seat, thus throttling the steam. The outlet being open, the pressure in the radiator is substantially atmospheric. Claim 10, referred to above, included a thermostatic device located within said conduit and connected with said valve. The court, in the previous case, decided that the French patent to Cleuet (1887) and the patent to Tuder, No. 618,921, anticipated the basis idea, and the patent to Weber, No. 403,162, showed a thermostat situated in the discharging chamber. These disclosures were held to anticipate the claims of the apparatus patent. Weber patent, No. 403,162, and Heintz patent, No. 777,203, were considered in anticipation of claim 10. The patent in suit was applied for April 25, 1904, one day before the issuance of the apparatus patent, No. 758,436, and therefore, if, as claimed by the appellee, the method patent merely provides for the method or function of the apparatus patent, it prolongs the patent monopoly granted on the vapor system for at least four years.

The earlier patent has been adjudicated void, and it is argued by the appellee that it is res adjudicata as to the method patent. Both patents are based on the drawings of the same mechanism. The drawings show the same construction. The same parts are designated by the same reference number and letters on the drawings. The descriptions of the apparatus are alike; the operation described is the same, although the language differs slightly. They are both concerned with the vapor system of steam heating. The apparatus operates necessarily according to this vapor system. The operation of the apparatus patent is all that is described in the claims of the patent in suit. The claims assume a train of cars and speak of a lower pressure system in the car radiators in plural number. The operation thus claimed is precisely what must occur whenever the apparatus No. 758,436 is applied to two or more cars which are coupled up in a train and heated by steam from the locomotive in the same way. Because the essential fact at issue in the present case is the same as that which was decided in appellee's favor in a previous case, the conclusion follows that the question is res adjudicata. In that case it was claimed that the apparatus introduced a new mode of operation, namely, a method known as the vapor system, but the court held the vapor system was old in the art, so that the method of operation characteristic of the appara-

tus was old also. It was further held there that the mechanism itself as covered generically in claim 10, was without novelty, and the claim was therefore held to be void. To sustain the contentions of the appellant here would be tantamount to a reversal of that decision as to the essential fact in issue, namely, the novelty of the vapor system of railway car heating. That essential fact was adjudicated as between the same parties in that litigation. If a customer bought the apparatus, and it were held that the patent in suit was valid, he would be unable to use the apparatus until after the expiration of the patent in suit. This illustrates the untenability of the present suit. It points out a need of the defense of the doctrine of res adjudicata.

[1] A right question or fact, distinctly put in issue, and directly determined by a court of competent jurisdiction as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies, or, even if the second suit is for a different cause of action, the right question or fact, once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment of the first suit remains unmodified. Southern Pac. Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355. While it is true that the present suit involves another patent and may be regarded as a different cause of action, in the sense that it is infringement of a different patent, nevertheless in the former suit the ultimate point decided was that the three claims in issue for the mechanism were void, and the decision rested upon the ground that the vapor system was old, being anticipated by the prior art, and consequently the claims there in issue could be sustained only by the finding that they included mechanical features wherein they differ from the prior art patents. In the examination there, the court found that these mechanical differences did not exist, and held that the claims express no novelty and were void. The decision, however, did say that the vapor system was old and covered the precise point which would have been decided if the patent for the art now sued upon was before the court. The underlying question for decision in the present case is as to the method of the vapor system. The question here involves no broader issue than specifically decided in the former case. It involves the validity of the patent for a method of operation which is characteristic of what is known as the vapor system. Since the method was regarded

broadly as old in the previous suit, in considering the present suit it involves the validity of the patent for a method of operation which is characteristic of what is known as the vapor system. If this method or system had been broadly new with the appellants, the patent now in suit might have been sustainable, but, as this method was broadly old, nevertheless the specific mechanism claimed in the apparatus patent might have been new, and the claims of that patent in issue in the former suit might have been sustainable; this narrow issue in the former suit was decided against the appellants, and that decision carries with it the conclusion that the broader issue, if in the terms presented, would have been decided likewise adversely to the appellants. Be that as it may, the issue here raised, namely, the art consisting essentially of heating cars by the vapor system, was passed upon and necessarily decided in the findings of fact and reasons given by the district court in the prior suit between these parties, where the court found that the vapor system was old, and cited the patents of the prior art describing such vapor system as applicable to the heating of railway cars.

[2-4] A former judgment such as was had is an estoppel and finality not only as to any matter which was offered and received to sustain or defeat the respective claims of the parties, but also to any other admissible matter which might have been offered for that purpose. Fayerweather v. Ritch, 91 F. 721, 34 C. C. A. 61; Landon v. Bulkley, 95 F. 344, 37 C. C. A. 96. Such estoppel and finality is not only given as to matters actually litigated in suit, but also as to matters which were not but might have been presented to the court and passed upon therein. Dana v. Morgan, 232 F. 85, 146 C. C. A. 277. These principles of estoppel by the doctrine of res adjudicata are applicable to cases of infringement of patents. Hubbell v. United States, 171 U. S. 203, 18 S. Ct. 828, 43 L. Ed. 136. While it is true that there is an additional party defendant, this does not affect the previous decision, for there is no proof that he individually committed any alleged infringing act. The court below so held.

[5-9] But the claims of the patent in suit, we think, involve the necessary mode of operation of the apparatus patent. The patent covers the necessary and unavoidable method and use of car-heating apparatus which is typically set forth in claim 10 of the earlier patent. An inventor may not have a patent for the functioning or ab-

stract effect of a machine, but only for the machine which produces it. Corning v. Burden, 15 How. 252, 14 L. Ed. 683. Nor may a patent be granted for a process which involves nothing more than the operation of a piece of mechanism. Risdon Works v. Medart, 158 U. S. 68, 15 S. Ct. 745, 39 L. Ed. 899. Operations consisting partly or wholly in the employment of heat, light, or electricity or some other force producing chemical change, are subject to patents. Operations which consist entirely of mechanical transactions and which are only the peculiar functions of machines, are not patentable. Operations which consist entirely of mechanical transactions, but which may be performed by hand or by any of the several different mechanisms or machines are patentable. Expanded Metal Co. v. Bradford, 214 U. S. 366, 29 S. Ct. 652, 53 L. Ed. 1034; Walker on Patents, § 3.

[10] This operation of the Gold patent could not conceivably be performed by hand, and it is inseparable from the mechanism. Steam is dealt with, and the act performed was the liberation or expansion of steam into the radiating pipes at a rate controlled by the expansion of the thermostatic device under the heat of discharging steam. These operations are the function of the thermostat and the valve which it operates. They are necessarily of a piece of mechanism, and could not be performed without this mechanism. We are satisfied the operations cannot be patented as an art or a process. Validity could rest only for the mechanism itself. The patent for that has been adjudicated void. It follows that the decree below must be affirmed.

Decree affirmed.