## CLAUDE NEON LIGHTS, Inc., v. E. MACHLETT & SON et al. *

District Court, E. D. New York. March 12, 1929.

No. 2465.

See, also, 31 F.(2d) 988, 991.

William Bohleber, of New York City (Edwin J. Prindle and Thomas Ewing, both of New York City, of counsel), for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City (William H. Davis and Dean S. Edmonds, both of New York City, of counsel), for defendants.

CAMPBELL, District Judge. This is a motion for a supplementary injunction, after decree on mandate, on a button-cæsium electrode tube, made by Rainbow Light, Inc., one of the defendants in this suit.

Patent No. 1,125,476 was held valid and infringed, as to claim 1, by the Circuit Court

*Opinion withdrawn. See 32 F.(2d) ——.

of Appeals of this circuit in this action. 27 F.(2d) 702.

A careful consideration of the affidavits, arguments, and briefs submitted on this motion convinces me that it cannot be held that any and every combination that reduces depletion of neon gas by the spluttered film is an equivalent, but the Circuit Court of Appeals of this circuit said, in speaking of the button-cæsium electrode: "The argument that the button-cæsium or cæsium-mirror electrode proved that the patentee's rules of relationship of surface area to current used plays no part in the life of the tube, is also unsound. Machlett's testimony is a refutation of this claim. The cæsium plays a part which is equivalent to additional surface area of the electrodes. It is equivalent to additional electrodes. The button electrode is always and only used with cæsium. Without the cæsium the button electrode would destroy itself before complete formation of the neon tube. Machlett admits that the cæsium has an effect on the cathode drop. The appellee has not proven that the button electrode with cæsium is equivalent to an electrode of the same area without cæsium. It does not establish the inventor's rule to be erroneous."

This would seem to be determinative of the question at issue, but the defendant says that the language quoted is dicta and not an adjudication that the button-cæsium electrode type is an infringement.

It is true that this court and the Circuit Court of Appeals did not consider the button-cæsium electrode type on the question of infringement, but it did consider it on the question of validity, and the finding of the Circuit Court of Appeals that cæsium plays a part which is equivalent to additional surface area of the electrodes, and is equivalent to additional electrodes, was not dicta but a finding of a fact necessary to be found to sustain validity.

The button-cæsium electrode type was introduced for the purpose of disproving the Claude rule, and therefore the implication was that the tube differed from the tube of the patent only in the substitution of cæsium for electrode area.

If that be so, then the only question involved in determining infringement is the equivalency of cæsium with electrode area.

That question was determined by the Circuit Court of Appeals adversely to the defendants, because if the cæsium was not the equivalent of electrode area, then the Claude rule would have been established to be er-

roneous, and the patent would not have been held to be valid, as the iron button electrode itself had an area of but .7 square decimeters per ampere, instead of at least 1.5 square decimeters per ampere, as did the electrode in the patent.

The Circuit Court of Appeals, in order to establish that the Claude rule was not erroneous and sustain the patent, found that cæsium was the equivalent of electrode area, and such finding is binding on the defendants on the question of infringement now at issue, even although the question then at issue, as to which it was so found, was that of validity and, not of infringement. Vapor Car Heating Co. v. Gold Car Heating & Lighting Co. (C. C. A.) 7 F.(2d) 284, at 287; 34 Corpus Juris, p. 743.

The decree herein finally determined the validity of the patent and is res adjudicata as between the parties hereto, and that is true although it may be called interlocutory. Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 37 S. Ct. 506, 61 L. Ed. 1148; Carson Inv. Co. v. Anaconda Copper Mining Co. (C. C. A.) 26 F.(2d) 651.

Defendants cite the draft report of the special master in the suit by Electrical Products Corporation v. Neale, Inc., et al., Southern District of California, No. K 13 H, In Equity, February 6, 1929, as sustaining its contention; but with that contention I cannot agree, as the decree in the instant suit was not res adjudicata in the said suit in the Southern District of California, and the special master in that suit was free to approach the question of infringement without any finding of equivalency to bind him, as we have in this suit.

Defendant raises an issue on this motion as to the neon in the button-cæsium type tube being previously purified neon, first, because it contends that the electrodes are not deprived of their occluded gases, and, second, that the neon is mixed with the cæsium vapor.

The process of the manufacture of the button-cæsium electrode type of tube, which I observed at the defendant's factory on the trial of the action, convinces me that the electrodes in that type of tube are deprived of their occluded gases, and that in that respect the defendants use previously purified neon as the same was defined by the Circuit Court of Appeals.

The mixing of cæsium vapor with the neon in the button-cæsium type of tube of the defendant is not in conflict with the teaching of the patent in suit, or claim 1 thereof, as the patentee Claude, in his French patent No. 424,190, referred to by him in the patent in

suit as his patent of March 7, 1910, says that gases given off during or after treatment may also be removed by proper reagents introduced into the tube to take up the impurities.

The issues of law and fact as to infringement have been thoroughly briefed by counsel, and I have carefully considered the same, but there is nothing to be gained by a discussion of the question of equivalency of cæsium to electrode area, as this court feels constrained by the finding of the Circuit Court of Appeals, as I construe it only from the opinion as printed, that cæsium as used by the defendant in the button-cæsium mirror type is the equivalent of electrode area in the patent in suit, even if such finding was on the question of validity and not of infringement, and therefore refrain from such discussion.

The motion is granted.