**STOODY CO. v. CARLTON METALS, Inc., et al.**

**No. 800-Y.**

District Court, S. D. California, Central Division.

Nov. 18, 1938.

Fred H. Miller and Charles C. Montgomery, both of Los Angeles, Cal., for plaintiff.

Joseph F. Westall, of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

This cause coming on to be heard upon rehearing and the evidence oral and documentary having been introduced, and the cause having been submitted to the Court for decision, and the Court having considered the evidence and the law and the arguments and briefs of counsel, now finds that plaintiff is not entitled to the relief sought by its Complaint upon the ground that, even though the admitted facts in the record would amount to infringement if the Letters Patent, No. 1,803,875, sued on were valid, the said Letters Patent and particularly Claims 5, 6, 7, 10, 11, 12, 13, 14, 15, and 17 thereof are invalid for lack of invention.

While this conclusion is contrary to the conclusion arrived at at the trial in the first instance, it is to be remembered that the issues of invalidity now presented were not then presented and that the only question actually submitted and decided by me was whether the rod patent being invalid, a process patent could be claimed for using the patented rod in a certain manner. The prior art was not then gone into, counsel being satisfied to allow the then pending appeals in Mills Alloys v. Stoody Co., 9 Cir., 94 F.2d 413, 415 and Haynes Stellite Co. v. Stoody Co., 9 Cir., 94 F.2d 418, to determine the question of invalidity by reason of lack of invention over the prior art.

The determination of those cases adversely to validity led to the granting of the rehearing.

A consideration of the entire evidence produced at the rehearing and a comparison of the record in the case before the Circuit Court of Appeals impels two conclusions.

(1) As pointed out at the conclusion of the trial, the invalidated rod patent—both in its specifications, (Lines 33–56) and in Claims 1 and 5—clearly set forth the sole use of the rod, that is, to cause (by welding) a deposit from a rod, which consists of two materials having different melting points, thus allowing one of them to retain its original identity. The Circuit was, no doubt, of this view, for in its opinion in the Mills Alloys v. Stoody Co. Case, 9 Cir.,

94 F.2d 413, at 415, it stated: *"The finding that there was no invention in the welding rod not only implied a finding that there was no invention in the only use for which the rod was designed,* but also there were express findings that the method of applying face hardening material such as tungsten carbide to a well drill by inclosing or incorporating them in a welding tube or rod and melting the rod on the face to be hardened was not new and did not call for the exercise of inventive genius. The question as to whether the proposed use of the welding rod was new or old was inherent in the question of invention in the welding rod itself. The proposed use of the welding rod could not be ignored in litigation over the question of whether or not the inventive faculty was exercised in its manufacture. It is true that the two patents are different and that the invalidity of one would not necessarily invalidate the other, but where the litigation in each case turns upon the question of the novelty of the manner of use, the adjudication of invalidity of the process (or manner of use) patent follows as an inevitable conclusion from the finding of lack of novelty in the product patent. As to general principle, see Freeman on Judgments, 5th Ed. vol. 2, p. 1469, § 695 et seq. This conclusion, we think, accords with the view expressed by the Second Circuit Court of Appeals in Vapor Car Heating Co. v. Gold Car Heating & Lighting Co., 7 F.2d 284, 287. *The master should have held the claims of the process patent here involved invalid for lack of invention because that lack was conclusively established by the prior finding and decree."* (Italics added.) Therefore the process patent would really fall with the invalidity of the rod for lack of invention.

(2) I am clearly of the view there is no substantial difference other than quantitative between the record in this case and the record in Mills-Alloys, Inc. v. Stoody Co., supra, which the Circuit had before it, even if we exclude the metal blocks which were sought to be introduced through the affidavit attached to the petition for rehearing before the Circuit, and which are now before this Court.

I am satisfied that the conclusion announced by the Ninth Circuit upon the basis of its own analysis of the prior art—after the Master and Court below had found invention despite this prior art—that the process patent covered by Letters Patent No. 1,803,875 as a whole and especially

Claims 5, 6, 7, 10, 11, 12, 13, 14, 15 and 17 are invalid for lack of invention.

Judgment for the defendants. Findings and judgment to be prepared under Rule 8.