## DICKERSON v. GREENE et al.

(Circuit Court, D. Rhode Island. November 17, 1892.)

No. 2,362.

PATENTS FOR INVENTIONS—PLEADING—PROFERT OF PATENT.

A bill for infringement alleged that "on the 30th day of October, 1888, letters patent of the United States numbered No. 391,875 * * * were issued, * * * as by a certified copy of said letters patent in court to be produced will more fully appear." *Held,* that this was sufficient profert of the patent to make the same a part of the bill. Bogart v. Hinds, 25 Fed. Rep. 484, and American Bell Tel. Co. v. Southern Tel. Co., 34 Fed. Rep. 803, followed.

In Equity. Suit by Edward N. Dickerson against William R. Greene and another for infringement of a patent. On demurrer to the bill. Overruled.

Statement by CARPENTER, District Judge:

This is a bill in equity to enjoin an alleged infringement of letters patent for an invention. The bill alleges that "on the 30th day of October, 1888, letters patent of the United States numbered No. 391,875 * * * were issued, * * * as by a certified copy of said letters patent in court to be produced will more fully appear." The respondents demur because the complainant "has nowhere set forth what the 'medical compound' is, the alleged sale of which by said respondents he claims to be an infringement."

Cowen, Dickerson, Nicoll & Brown, for complainant.

David S. Baker, Jr., and William C. Baker, for respondents.

CARPENTER, District Judge. The respondents, in support of their demurrer, argue that the bill should set out the nature of the patented invention, or at least should make the specification of the letters patent a part of the bill in express words. But it seems to be settled, at least in the practice of the federal courts, that profert of an instrument, such as this bill makes, is sufficient to make such instrument a part of the bill. Bogart v. Hinds, 25 Fed. Rep. 484; American Bell Tel. Co. v. Southern Tel. Co., 34 Fed. Rep. 803. This demurrer must therefore be overruled, and the respondents ordered to answer over.