STRAUS et al. v. AMERICAN PUBLISHERS' ASS'N et al.

(Circuit Court of Appeals, Second Circuit.   December 9, 1912.)

No. 63.

1. PLEADING (§ 305*)—PROFERT—JUDGMENT.

By the profert of the judgment in a cause in the state court, made by the answer pleading it as res judicata, the record of such cause becomes part of the pleading, so that the court may, and is bound to, inspect it as such; it not being required to be annexed as an exhibit to the answer, and testimony or affidavits not being necessary.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 910–917; Dec. Dig. § 305.*]

2. JUDGMENT (§ 714*)—RES JUDICATA—IDENTITY OF SUBJECT-MATTER.

The combination complained of is not a new one, or different from that complained of in a former suit, judgment in which is pleaded as res judi-

---

cata, because after such suit defendants modified it by eliminating part of its scope.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1240, 1242, 1243; Dec. Dig. § 714.*]

3. JUDGMENT (§ 663*)—RES JUDICATA—PENDENCY OF APPEAL.
Pendency of an appeal from a judgment does not interfere with its operation as res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1174; Dec. Dig. § 663.*]

4. JUDGMENT (§ 828*)—RES JUDICATA—MATTERS CONCLUDED.
The same matters being complained of in a suit in the state court and a subsequent one in the federal court, the fact that the judgment in the state court depended on the state statutes, and that the complaint in the second suit is founded on the federal statute, which is not within the jurisdiction of the state court, is immaterial as regards the judgment being res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*

Conclusiveness of judgment as between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

5. JUDGMENT (§ 660*)—RES JUDICATA—ERRONEOUS JUDGMENT.
The question involved being one the court was competent to decide, the fact that it may have decided erroneously is immaterial as regards its judgment being res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1171; Dec. Dig. § 660.*]

6. JUDGMENT (§ 701*)—RES JUDICATA—PARTIES—PRIVIES.
The judgment in a suit against corporations and an association is none the less res judicata because of the addition as parties to the second suit of persons who were officers of the association at its organization, and members and officers of the corporations, and took part in organizing the combinations complained of, and were included in the injunction issued in the first suit; they being privy thereto.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1226; Dec. Dig. § 701.*]

7. JUDGMENT (§ 590*)—RES JUDICATA—IDENTITY OF ISSUES.
That the second suit seeks damages for a longer period than the first is immaterial as regards the judgment in the first being res judicata; the thing adjudicated being that plaintiff could recover no damages for the 'combination complained of, whatever its period.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1035, 1063, 1064, 1102–1106; Dec. Dig. § 590.*]

In Error to the Circuit Court of the United States for the Southern District of New York; E. Henry Lacombe, Judge.

Action by Isidor Straus and others against the American Publishers' Association and others. Defendants had judgment on the pleadings, and plaintiffs bring error. Affirmed.

See, also, 178 Fed. 586.

Wise & Seligsberg, of New York City (E. E. Wise and Wallace Macfarlane, both of New York City, of counsel), for plaintiffs in error.

S. H. Olin, of New York City, for defendants in error.

Before COXE, WARD, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. October 1, 1909, the plaintiffs began this action at law to recover treble damages against the defendants under the federal anti-trust law of July 2, 1890. The complaint alleges that the defendants, publishers of books, combined to organize a membership corporation under the laws of New York called the American Publishers' Association, of which they were members and which included a majority of the publishers in the United States, and of which the other defendants were the directors for the first year and also officers or directors of defendant corporations; that the purpose of the association was to maintain the retail price of copyrighted books and was to be effected by an agreement of the publishers to sell their books, copyrighted or uncopyrighted, only to such dealers as would maintain the net retail price of the copyrighted books; that in further prosecution of the combination the defendants aided the organization of a voluntary unincorporated association to co-operate with the Publishers' Association, called the American Booksellers' Association, which included a majority of the booksellers of the United States; that the purpose of this organization was to bring about an agreement between the booksellers to maintain the retail price of the publishers' copyrighted books by refusing to sell the books, copyrighted or uncopyrighted, of any publisher who declined to support the combination, and by refusing to sell any books at less than the usual retail price to any bookseller who cut the retail price of the publishers' copyrighted books; that these combinations went into operation May 1, 1901, and have been continued ever since, contrary to the provisions of the anti-trust law of July 2, 1890, except that in about the month of March, 1904, the Court of Appeals of the state of New York (177 N. Y. 473, 69 N. E. 1107, 64 L. R. A. 701, 101 Am. St. Rep. 819), in an action brought against the defendants herein and others, having declared the foregoing agreements unlawful so far as uncopyrighted books were concerned, the Publishers' Association and Booksellers' Association modified the said agreements so as to exclude uncopyrighted books, but continued the same illegal combination and conduct in respect to copyrighted books; that because the plaintiffs refused to conform to the regulations of these combinations they were put on a cut-off list, their business followed up by detectives, and their supply of books cut off, to their damage in the sum of $125,000.

The answer of the defendants contained, among other things, a separate defense to the effect that the plaintiffs had brought an action in equity in the Supreme Court of the state of New York, December 3, 1902, against them (except defendants Scribner, Scott, Britt, Putnam, Harvey, and Appleton, who were trustees and officers of certain of the defendants) for the same cause of action in which the defendants (except the defendants aforesaid) appeared, and in which it was so proceeded that the said agreements were held invalid as to uncopyrighted books and valid as to copyrighted books, and an interlocutory judgment was entered May 20, 1909, restraining the defendants from interfering in any way with the purchase by the plaintiffs of uncopyrighted books, and directing the plaintiffs' damages to be ascertained

by a referee, which judgment was on appeal affirmed by the Appellate Division and by the Court of Appeals. The referee having subsequently ascertained the damages, final judgment was entered on his report for $3,675.60 damages and costs, from which judgment the plaintiffs appealed to the Court of Appeals, which affirmed the same. Thereupon they took a writ of error to the final judgment of the Supreme Court of New York, which is now pending in the Supreme Court of the United States. The said judgment was pleaded as res adjudicata of all the matters complained of, and profert of the same was made.

The plaintiffs replied to this defense that the judgment in the state court was not res adjudicata, and that the cause of action was not the same as that in the action in the state court, because damages in respect to copyrighted books was excluded in the latter action, because the present action was founded on the federal statute, under which the state court had no jurisdiction, because there were additional parties in this action, and because different periods of time were covered.

The defendants having moved for judgment on the pleadings, Lacombe, Circuit Judge, granted the motion and dismissed the complaint.

[1, 2] The first contention of the plaintiffs in error is that the record of the cause in the state court should not have been inspected by the Circuit Judge, because it was not annexed as an exhibit to the answer. This is a very technical objection, especially in view of the fact that the action was referred to by the plaintiffs themselves in their complaint. It would prove a cumbersome practice to load such records upon pleadings. By the profert the record became a part of the pleading and the court was bound to inspect it as such. That is the practice in this circuit (Bogart v. Hinds [C. C.] 25 Fed. 484); and there is abundant authority elsewhere (American Bell Tel. Co. v. Southern Tel. Co. [C. C.] 34 Fed. 803; Dickerson v. Greene [C. C.] 53 Fed. 247; Germain v. Wilgus, 67 Fed. 597, 14 C. C. A. 561; Heaton v. Schlochtmeyer [C. C.] 69 Fed. 592). No testimony or affidavits were necessary. The pleadings show that the agreements and conduct complained of in the action in the state court are exactly the same as those complained of in this action, except that, as the plaintiffs themselves have alleged in the complaint, the agreements have been modified since the decision in the Court of Appeals in one particular, viz., so as to confine them entirely to copyrighted books. The combination after this modification was in no sense a new combination.

Reliance is also placed upon the refusal of the Supreme Court in Pacific Railroad of Missouri v. Missouri Pacific Railway, 111 U. S. 505, 4 Sup. Ct. 583, 28 L. Ed. 498, to consider the record of a case referred to in the bill. That was a demurrer to the bill, and the Supreme Court said the record of the case mentioned could not be considered, because it was not certified to the Supreme Court as part of the record in the Circuit Court. In this case, however, the transcript of the record of the cause in the state court on writ of error to the Supreme Court of the United States is a part of the record and contains the judgment roll of the state court, stipulated by the parties to be correct and certification waived.

[3] The point is also made that the judgment was not res adjudicata because of the appeal pending to the United States Supreme Court. This fact does not suspend the operation of the judgment as an estoppel, Parkhurst v. Berdell, 110 N. Y. 386, 18 N. E. 123, 6 Am. St. Rep. 384; Deposit Bank v. Frankfort, 191 U. S. 499, 510, 24 Sup. Ct. 154, 48 L. Ed. 276; Freeman on Judgments, § 328.

[4, 5] The fact that the judgment in the state court depended upon the state statutes and that the complaint in this case is founded on the federal statute, which is not within the jurisdiction of the state court, makes no difference. The plaintiffs, having the option to go into either court, chose the state court, and their claim, having been there adjudicated, cannot be presented the second time to any other court. Clabaugh v. Southern Wholesale Grocers Association (C. C.) 181 Fed. 706. It may be admitted that the state court erroneously held, in view of the subsequent decision of the Supreme Court in Bobbs-Merrill Co. v. Straus, 210 U. S. 339, 28 Sup. Ct. 722, 52 L. Ed. 1086, that the agreements complained of were valid so far as copyrighted books were concerned, and that therefore as a matter of law the plaintiffs could not recover damages in respect to them at any time. Still this question was actually involved in the cause before the state court, which was competent to decide it. Having done so, its judgment is binding in any subsequent action between the same parties for all time. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195. If the plaintiffs are entitled to any relief, they can obtain it only in the original action.

[6] The judgment in the state court is not prevented from being a bar because of the additional parties in this court. They were officers of the Publishers' Association at its organization, were members and officers of the defendant corporations, took an active part in organizing the combinations complained of, were included in the injunction issued in the state court action, and were so stated to be in the complaint in this court. They must be regarded as privy to that action.

[7] The fact that evidence of damages in this action may cover a longer period of time than was covered by the action in the state court is immaterial. The thing that was adjudicated between the parties in the state court was that the plaintiffs could recover no damages in respect to copyrighted books at all, be the period of the combination long or short.

The decree is affirmed.