TREIBACHER CHEMISCHE WERKE GESELLSCHAFT MIT BESCH-
RANKTER HAFTUNG v. WOLF SAFETY LAMP CO. OF AMERICA, Inc.

(District Court, S. D. New York. May 29, 1914.)

No. 110.

PATENTS (§.324*)—SUIT FOR INFRINGEMENT—DECREE—EFFECT OF APPEAL.
  The effect of a' decree sustaining a patent, as an adjudication, is not
suspended by the taking of an appeal therefrom.

  [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600–606; Dec.
Dig. § 324.*]

In Equity. Suit by the Treibacher Chemische Werke Gesellschaft
mit Beschrankter Haftung against the Wolf Safety Lamp Company of
America, Incorporated. On motion for preliminary injunction. Mo-
tion granted.

See, also, 214 Fed. 414.

James Hamilton, of New York City, for plaintiff.
Briesen & Knauth, of New York City, for defendant.

WARD, Circuit Judge. As between the complainant and defend-
ant, I think the complainant entitled to an injunction. The defendant
is not a manufacturer of these metal pins, and its plant will not be shut
down in the meantime. The public welfare was the sole considera-
tion which moved me to partially suspend the injunction, and I was
largely influenced by the statements contained in the defendant's 1914
catalogue as to the extent to which the suspension should go. The
defendant was given an opportunity to explain these statements, but
I am not satisfied with the explanation made. The defendant was not
comparing its parafine igniter with the complainant's metal igniter.
On the contrary, it advised the public in unmistakable terms that its
parafine igniter was "the best of all existing igniters, being the safest
in construction and the safest for lighting a lamp in the presence of
gas." Furthermore, it invited its customers in ordering lamps to state
whether they should be equipped "with our paraffine friction igniter,
Mod. 1914, or with our metal spark igniter, Mod. 1914."

In view of the defendant's insistence that it is the practice in this
district not to treat a decree sustaining a patent as an adjudication
pending appeal, I have inquired of every judge at present in the dis-
trict and find them to be unanimously of a contrary opinion. The ef-
fect of an appeal in a somewhat analogous case was considered in
Straus v. American Publishers' Association, 201 Fed. 306, 119 C. C.
A. 544.

For these reasons, I have signed the order submitted by the com-
plainant.