CUNEO IMPORTING CO. v. AMERICAN IMPORTING & TRANSPORTA-
TION CO. et al.

(District Court, S. D. New York. December 30, 1916.)

JUDGMENT ☞695—PERSONS CONCLUDED—PRIVITY—AGENT OF PARTY.

In an action by the owner of a vessel against a time charterer to re-
cover charter hire, defendant pleaded as a set-off a claim for damages
because of the unseaworthy condition of the vessel during a part of the
charter period, which claim was adjudicated. *Held*, that such matter was
res judicata, not only between the parties, but also between the char-
terer and the managing owner of the vessel, who as agent executed the
charter, and that in a subsequent suit by a subcharterer against the
charterer to recover damages alleged to have resulted from the unsea-
worthiness of the vessel during the same charter period, the charterer
could not bring in the agent under admiralty rule 59.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1218.]

In Admiralty. Suit by the Cuneo Importing Company against the
American Importing & Transportation Company, with Daniel Bacon,
impleaded. On exception by respondent to answer of the impleaded
respondent. Exception overruled.

Twyman O. Abbott, of New York City, for the motion.
James A. Fechtig, Jr., and Ralph J. M. Bullowa, both of New York
City, opposed.

MAYER, District Judge. The petitioner (hereinafter called Ameri-
can), excepts to the plea of res judicata raised by Daniel Bacon, man-
aging owner of the steamship Banes, in paragraph 10 of his answer
to the petition as follows:

"Tenth. That on or about the 1st day of November, 1909, an action was
commenced in the superior court, Suffolk county, commonwealth of Massa-
chusetts, by the Banes Steamship Company, as owner of the steamship
Banes, against the petitioner. That thereafter said petitioner, on or about
the 1st day of December, 1909, filed its answer and set-off. Said answer and
set-off alleged that the Banes Steamship Company did not maintain the
steamship Banes in a thoroughly efficient state of hull and machinery, and
as a result thereof the defendant, the petitioner herein, was damaged. Said
action was duly tried in the commonwealth of Massachusetts, in said superior
court, and a judgment rendered in favor of the plaintiff herein. That the
Banes Steamship Company and the respondent are in privity. That the mat-
ters herein alleged are res adjudicata."

On February 27, 1909, Bacon, as agent for the Banes Steamship
Company, a New Jersey corporation, owner of the Banes, chartered
said steamer to American under the usual government form for a term
of seven months in the West India fruit trade, beginning the latter part
of March, 1909, when ready. It seems that the vessel was delivered
on or about March 17, 1909, so that the charter expired on or about
October 17, 1909. The charter required the owners to maintain the
hull and machinery in a thoroughly efficient state and to maintain the
boilers in a condition to bear a working pressure of at least 60 pounds
continuously.

Subsequently American subchartered the Banes to the libelant, Cuneo Importing Company (hereinafter called Cuneo), for the same purpose and under the same conditions and terms upon which American had chartered the steamer from Bacon. On or about November 1, 1909, Banes Steamship Company commenced an action against American in the superior court, Suffolk county, commonwealth of Massachusetts, for unpaid charter hire under the charter here referred to, and on or about December 1, 1909, American filed its answer and set-off. The action was duly tried in the Massachusetts court and a final judgment rendered in favor of the Banes Steamship Company. The present libel of Cuneo is against American, and American has filed its petition under admiralty rule 59, praying that Bacon may be proceeded against in this suit for the damages alleged to have been sustained by Cuneo, and that Cuneo recover its damages herein against Bacon.

The declaration of the plaintiff (Banes Steamship Company) in the Massachusetts action set forth "that on or about the 27th day of February, A. D. 1909, through its agent in that behalf duly authorized," it made the charter here under consideration with American. Recovery was sought for charter hire for one month, one day, and two hours. There was no controversy as to the one day and two hours, but the dispute was concerning the one month, beginning September 17 and ending October 17, 1909. The case was tried before the superior court without a jury, and the court found for the plaintiff. The defendant (American) in the Massachusetts action, in addition to a general denial, set up a counterclaim or set-off in the following language:

"And the defendant further says that the plaintiff did not maintain the said vessel in a thoroughly efficient state in hull and machinery for and *during the term of said charter party*, and did not maintain her boilers in a condition to bear a working pressure of at least 60 pounds *during the whole of said term*, but did permit said vessel to become and to remain out of repair and in an improper and inefficient condition, in consequence of which the defendant was unable to use said vessel *during a considerable part of said term*, to the great damage of the defendant." (Italics mine.)

It will be noted from the italicized portions of the answer that the issue raised by the counterclaim or set-off went to the whole term of the charter party, and the defendant asserted in its declaration in set-off that the plaintiff owed it the sum of $3,644.14 according to an annexed account, and this annexed account takes in alleged items for damage occurring in July, August, September, and October, 1909.

By a substituted declaration in set-off, defendant asked "in recoupment and set-off" for $3,644.14; the substituted declaration apparently adding only the words, "in recoupment and in set-off," and to the substituted declaration there was annexed an account for the same items as in the original set-off, but somewhat more elaborately set forth. The court made findings of fact as follows:

"That the plaintiff [the Banes Steamship Company] maintained the chartered vessel in a condition fit for the service for which it was chartered *during the whole time of the charter party*, excepting during certain periods when necessary repairs were being made. The parties have agreed to the deductions for all times when such repairs were being made, before August 1909, with one exception. The defendant claims that it was entitled to a de-

duction for the loss of 1½ days at Jamaica. The court finds that it is entitled to a deduction for the loss of 10 hours at that place.

"The defendant is entitled to a deduction for time lost during repairs and while the owners were securing a competent engineer in Philadelphia, from August 16, 1909, to August 21, 1909, 5 days, at $83.87 per day.

"*The court finds that at all other times the vessel was fit for the service it was chartered to perform.*

"The court finds that the vessel was in an unseaworthy condition when ordered by the defendant to sail on August 16th, but that this was due to the fact that certain repairs were needed. These repairs were completed within a reasonable time, namely, on August 19th, and the vessel was then in a seaworthy condition, and continued to be so until the expiration of the charter party.

"The court rules that the defendant did not have the right to cancel the contract at this time. It is fully compensated by not being required to pay rent or hire during this period as provided in paragraph 7 of the charter party.

"On August 28th the defendant ordered the vessel to sail for Port Maria.

"On September 24th the defendant requested the plaintiff to secure freight for return trip from Port Maria.

"This last request was complied with, and the vessel was chartered to the Lanasa & Goffe Steamship Company for this return trip, and the defendant is entitled to have credited to its account the amount received by the plaintiff for this trip.

"The court finds that the plaintiff is entitled to recover the amount claimed to be due in its declaration, and that the defendant is entitled to the credits stated in the plaintiff's declaration, leaving a balance of $1,372.77, to which interest is to be added from the date of the writ.

"*Upon the defendant's declaration in set-off it is entitled to recover nothing.*" (Italics mine.)

An appeal was taken from the judgment of the trial court, and that judgment was affirmed; Morton, J., writing the opinion, which is reported in Banes S. S. Co. v. American Importing & Transportation Co., 209 Mass. 96, 95 N. E. 107, and a copy of which is in this record.

Counsel for American contends, in effect, that the only question in issue which was determined by the appellate court was as to the charter hire for the one month and one day and two hours, or rather for the one month beginning September 17 and ending October 17, 1909. In order to determine what is found by a court, we must look to the judgment roll, by whatever name called, in any class of litigation or in any jurisdiction. The opinion of the court may be of assistance, but it does not determine what has been adjudged or decreed. This proposition is so familiar and fundamental that neither authority nor discussion is necessary. It seems to me entirely clear that the judgment of the Massachusetts court disposed, for all time, of the claim that the vessel did not maintain her boilers, etc., and is res judicata as between the parties or privies to the Massachusetts action.

In the case at bar the libel asks for damages for acts asserted to have been done in July, 1909, or, in other words, during the life of the charter here under consideration; but what is alleged to have happened was caused by the same breach as that considered in the Massachusetts case, viz., unseaworthiness, and I am of opinion that the subject-matter judicially determined in the Massachusetts case is the same as that set forth in the libel in this case. Straus v. American Publishers' Ass'n, 201 Fed. 306, 119 C. C. A. 544; L. Bucki & Son Lumber Co. v.

Atlantic Lumber Co., 109 Fed. 411, 48 C. C. A. 455; The City of Lincoln (D. C.) 25 Fed. 835.

The impleaded respondent in this case is the agent of the Banes Steamship Company. The declaration in the Massachusetts case set forth that the Banes Steamship Company was the owner of the Banes at all times mentioned therein, and that Bacon, as its duly authorized agent, entered into the charter party with American. It is evident, therefore, that Banes Steamship Company and Bacon are principal and agent, and, had the Massachusetts case gone against the steamship company, its agent would not have had any cause of action on its behalf for the same matter.

Cuneo, of course, has its cause of action against American; but American cannot, by indirection, defeat the effect of res judicata by bringing Bacon into this litigation under the fifty-ninth rule.

As appears from the opinion in The Banes, 221 Fed. 416, 137 C. C. A. 214, American by mesne assignment transferred its claim to Cuneo. There is no allegation that Cuneo so assigned the cause of action to American; if it did so, American would be in privity with Cuneo so far as the Banes action is concerned, the assignment being subsequent to the commencement of the suit. In fact, the situation is that Cuneo seeks to hold American liable, and is presumably indifferent to the relations of responsibility and liability which may exist between American and Bacon. American, however, has attempted to vouch in Bacon, so that Bacon may be held liable for the very breach disposed of by the Massachusetts action. It is familiar doctrine that the court will not be concerned with the formal title of a suit or action, nor with the manner in which the parties are arranged. It will always look to the true relation of the parties, and, this being so, American cannot accomplish with the aid of the fifty-ninth rule what it could not accomplish in a direct litigation between it and Bacon.

The exception is overruled.