806

## FISHER v. TIME, Inc.
### No. 8934.

Circuit Court of Appeals, Seventh Circuit.

March 4, 1946.

Rehearing Denied April 3, 1946.

Norman Crawford and Thomas Hart Fisher, both of Chicago, Ill., for appellant.

Cranston Spray, of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

This action was begun by the filing of a complaint in the district court, in which complaint there are made defendants not only the defendant-appellee, hereinafter referred to as the defendant, but, also, Time, Incorporated, a New York corporation, Henry R. Luce, and Maurice T. Moore. Plaintiff-appellant, hereinafter referred to as plaintiff, is seeking to enjoin the defendants, their wholly owned subsidiaries, agents, servants, employees, etc., from directly or indirectly evicting, or threatening to evict him, as tenant of the housing accommodations of which defendants and their wholly owned subsidiaries are the landlords. Plaintiff enumerates various things which he seeks to enjoin defendants from doing, all of which, however, may be said to be embodied in that part of the prayer seeking relief from eviction. He sought a temporary restraining order and a temporary injunction, as well as a permanent injunction upon final hearing. After an examination of the verified complaint and argument by counsel for plaintiff and defendant, Time, Incorporated, of Delaware, the temporary restraining order and preliminary or temporary injunction were denied by order of the district court. From this order plaintiff appeals.

The verified complaint is in two counts, the first of which proceeds under section 205(a) of the Emergency Price Control Act of 1942, as amended, 56 Stat. 23, 50 U.S.C.A. Appendix § 901 et seq., alleging that there was a violation of Section 4 of that Act. Count 2, which is "based on the ordinary tenant's lease rights," charges that defendants and their wholly owned subsidiaries have violated not only plaintiff's rights under the above Act and rent regulations but have breached his rights to continue to occupy the premises in question in accordance with an agreement theretofore entered into by and between plaintiff and the lessor and owner of the property.

The complaint was filed on October 1, 1945, and at the same time there was presented to the court by plaintiff a "motion * * * for a restraining order to preserve the present possession." At that time, shortly before noon of that day, plaintiff stated to the court that, "the suit is a parallel suit to one that is filed in the state court, but is against other defendants. It affects the same property, and asserts the same rights. However, the status has changed, and the condition has changed, and the tenant is now in possession, where he was not in possession in the premises at the time that the state court proceeding was started. The tenant, being now in possession, wishes to protect that possession until the matter can

be straightened out. And he has been unsuccessful in preserving his rights in the state court, the possession having been obtained after the permanent injunction had there issued." The court refused to issue a restraining order without notice and assigned the cause for hearing at two o'clock P. M. on the same day. None of the defendants was served, but Time, Incorporated, a Delaware Corporation, appeared to resist the motion, and it is the only defendant that did appear, and is the sole defendant in this appeal.

The cause came on for hearing at that time and, as the record finally discloses, it was a hearing not only upon the motion for a temporary restraining order but upon plaintiff's application for a preliminary or temporary injunction. The only evidence that seems to have been formally introduced was the verified complaint. However, there are certain admissions of fact in the record, especially as to the proceedings in the state circuit court, which may be considered as a part of the record upon this appeal. The transcript includes everything that took place at the time of the hearing, including the presentation by counsel in which the ruling of the judge of the state circuit court upon petition of plaintiff in that court for citation for contempt in failure to recognize change of status was read in full at the request of Judge Barnes. The statement of Judge Feinberg of the state court, as read, is not disputed by plaintiff. On the other hand, he admits the same to be true, saying, "* * * this statement that your Honor has just heard read, made by Judge Feinberg * * *" is contrary to the law of Illinois. The statement of Judge Feinberg was not formally offered or admitted in evidence, yet, it may be conceded that it represents the position of the state court as to whether or not the plaintiff in this appeal was in actual legal possession of the property here in question at the time of the commencement of the action in the district court. The state court held that plaintiff was not in actual legal possession, and discharged the rule to show cause in the contempt proceedings.

The verified complaint alleges, in substance, that the defendants and their wholly owned subsidiaries are the owners, sublessors, operators, agents or managers of the housing accommodations in question which are at the north end of the tenth floor in the building known as the Michigan Square Building located at 540 North Michigan Avenue, Chicago, Illinois; that these housing accommodations were leased to plaintiff under a lease dated September 22, 1930, for a period of ten years; that plaintiff took possession under such lease and continued in possession thereof; that on September 25, 1940, such lease was renewed for a period of three years, or until October 31, 1943, which renewal lease was entered into with Michigan Square Building Corporation, the then owner; and that on or about October 13, 1943, plaintiff entered into a third lease for a period of two years with the Illinois Properties, Inc., the then owner, but which said lease has been since assigned or transferred to the defendants, or "to one or more of their wholly owned subsidiaries." It is further alleged that plaintiff had expended more than ten thousand dollars in remodeling and reconstruction of the housing accommodations with the written consent of the lessors; that at the time of the execution of the original lease an oral agreement was entered into for a period of twenty years in consideration of the expenditure of such sum of money on the part of plaintiff for such repairs, reconstruction, etc., but that defendants had refused to execute such a lease, demand having been made by plaintiff.

It is further alleged that plaintiff and his family were temporarily absent from the housing accommodations on the night of August 11, 1945, and that, during their absence, the defendants and their wholly owned subsidiaries entered the premises without notice to plaintiff, removed the furniture, clothing, etc., therefrom and changed the locks on the doors so as to prevent plaintiff from afterwards reentering.

On August 20, plaintiff filed a complaint in the Circuit Court of Cook County, Illinois, in which Chester A. Bowles, Administrator, Office of Price Administration, joined as party plaintiff. The record does not disclose the names of all defendants in that action, the only one disclosed being Michigan Square Building Corporation, an Illinois Corporation. A temporary injunction was issued and, upon final hearing, a permanent injunction was issued, such permanent injunction being under date of September 14, and at the conclusion of several days hearing. By its terms, defendants

were enjoined from directly or indirectly evicting, threatening or attempting to evict plaintiff from the premises. Defendants were also ordered forthwith to restore plaintiff to the possession of the premises and to restore his property thereto which had theretofore been removed by them. Defendants promptly perfected an appeal to the Appellate Court and gave a supersedeas bond which had the effect of staying the mandatory provisions of the order pending the appeal.

Since plaintiff was out of actual possession of the premises, he devised a plan, following the appeal, whereby he hoped to again place himself in actual legal possession thereof. In attempting to carry out this plan he, on the afternoon of September 19, requested of the defendants and their wholly owned subsidiaries that he be permitted to enter the premises for the purpose of securing access to two locked cabinets and to make a list of other of his property located thereon. In his complaint he stated that "Plaintiff did not state in connection with said request that these were the *only* or. *sole* purposes for which he wished to enter said premises, *nor did he state that he would leave said premises at the conclusion of his visit.* Plaintiff did not disclose, in connection with said request, that he intended, having been granted access to said housing accommodation, to remain therein and thereafter in sole and actual possession, occupancy, and control and use thereof." Defendants, believing that he was acting in good faith as to the purpose. of the visit granted his request and permitted him to enter the premises. Having thus gained admission, he caused his furnishings, including chairs, beds, etc., to be moved thereon, refused to vacate, and alleges in his complaint that he "is now and has ever since 3:30 o'clock P. M. on September 19, 1945, been in sole and actual possession, occupancy, control and use of said housing accommodations." The injunction sought in the district court is to protect him against eviction from the possession thus acquired.

On September 21, 1945, plaintiff made application to the Circuit Court of Cook County in the cause therein pending for a rule to show cause why defendants in that cause should not be punished for contempt. Included among the respondents to such rule were Henry R. Luce and Maurice T. Moore, two of the defendants in this case. After hearing, the rule was discharged, and

a full statement of Judge Feinberg, at the time of his ruling in the contempt proceeding, is found beginning on page 38 of the record in this appeal.

Plaintiff does not dispute the fact that the supersedeas appeal in the state court case stays the mandatory provisions of the injunctive order in that case, but he contends that, following that appeal, he acquired actual legal possession of the premises "and in the interval the tenant's status has completely changed." In other words, it is his contention that he, having acquired actual possession of the premises since the supersedeas appeal in the state court case, is entitled to have that possession protected by the issuance of an injunction in this cause; that his status has changed and that, at the time of the filing of the complaint in this cause, he was in actual legal possession of the premises. He is seeking the protection of a court of equity to thus preserve such alleged legal possession.

At the conclusion of the hearing in the contempt proceeding in the Circuit Court of Cook County the presiding judge of that court, in his ruling, held that the possession of the premises obtained by plaintiff on the afternoon of September 19 was not legal but "that he obtained access to the space on the 19th of September, after the injunction had been issued, by a trick or device, a subterfuge as patent as it can be, and in his own way decided to enforce the mandatory part of the injunction, a subject clearly for the court and not for the plaintiff; and he can't do indirectly what the law would prohibit him from doing directly. He is trying to enforce that mandatory provision of the injunction, to restore him to possession, by getting possession by a trick or device or subterfuge, and is asking this court, a court of equity and a court of conscience, to assist him in carrying out a device or trick or subterfuge by which he again gained access to the place in question." The court then explains the trick or subterfuge used by plaintiff in obtaining possession and then continues, "* * * there followed him into the space two high-sounding titled gentlemen, each calling themselves a custodian of a court. They had not acted under any process of any court. They have no legal or official standing, and by the pretended use of a star, which was exhibited, and the euphonious title of custodian of a court, they confronted the manager of the building with the asserted right to stay there. * * * It

was clear deception, as clear as it can be, as clear as crystal, and if the plaintiff, Fisher, seeks to pursue his rights in that fashion, by deception, trick or device, this court cannot be used by him to aid by means of contempt proceedings or punishment for contempt for alleged violation of this injunction. * * * the court will not be a party to any such deception, trick or device. * * * The rule to show cause will be discharged against all the respondents." The ruling of the Circuit Court in this contempt proceeding was appealed by plaintiff to the Appellate Court of Illinois and is now pending on appeal.

Plaintiff admits that the present suit is "a parallel suit to one that is filed in the state court, but is against other defendants. It affects the same property and asserts the same rights." As heretofore observed, he contends, however, that there has been a change of status, and that an injunction should be issued by the district court to protect that changed status.

■ The Circuit Court of Cook County and the District Court of the United States for the Northern District of Illinois, Eastern Division, are courts of concurrent jurisdiction. "Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court." Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077. At the time plaintiff instituted the injunction suit in the state court, he chose the court in which he desired to prosecute such action. He succeeded, in that action, in getting the relief he sought. He is presumed to have known, at the time of the prosecution of that action, that if the defendants were defeated, they could prosecute an appeal to the Appellate Court of Illinois, give a supersedeas bond, and thereby stay any mandatory provisions of any injunctive order which might be entered in the case. The Supreme Court of Illinois, in the case of First National Bank of Jonesboro, et al. v. Road Dist. No. 8, 389 Ill. 156, 58 N.E.2d 884, 886, in speaking of the effect of a supersedeas on appeal, said: "A supersedeas suspends the efficacy of a judgment. Its object and purpose are to stay future proceedings. It restrains the appellee or defendant in error from taking affirmative action to enforce his judgment or decree and operates as notice that all proceedings on the judgment are to be stayed until the determination of the cause by the reviewing court."

Had the district court issued an injunction in this case, it would have had the effect of nullifying the action of the State Circuit Court in the contempt proceedings wherein it held that the plaintiff was not in legal possession of the premises at the time he made application for the rule to show cause, which was at a time subsequent to the time when plaintiff contends, in this action, that the status had changed. In that proceeding, it was held by the state court that plaintiff had gained access to the premises by means of a trick or subterfuge and after thus gaining access refused to vacate.

■ It is apparent that the district court considered all allegations contained in the verified complaint, as well as all admitted facts shown in the record and, upon those facts, denied the injunction. The order recites: "(1) That it appears to this court after examining plaintiff's sworn Bill of Complaint that the Circuit Court of Cook County, a court of concurrent jurisdiction with this court, has taken and now exercises jurisdiction over all matters set forth in this petition; and (2) That this court should not interfere with the jurisdiction already obtained by said Circuit Court of Cook County over the matters set forth in this petition. It Is Therefore Ordered, Adjudged and Decreed that the petition for a temporary restraining order and for a preliminary injunction in this cause be and it is hereby denied." We agree with the district court wherein it denied both the restraining order and preliminary injunction. Any other order would not have been proper or justified under the record in this case. The fact that the state court case is being appealed, or that the Circuit Court of Cook County may have made an erroneous decision would make no difference. Armour & Co. v. Dallas, 255 U.S. 280, 41 S.Ct. 291, 65 L.Ed. 635; Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; Straus v. American Publishers' Ass'n., 2 Cir., 201 F. 306, dismissed 235 U.S. 716, 35 S.Ct. 197, 59 L.Ed. 438.

The judgment of the district court is affirmed.